IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv475
(3:05cr420)

| | | |
|---|---|---|
| JUSTIN RHODEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I.      PROCEDURAL HISTORY

On December 13, 2005, Petitioner was named in a six-count Bill of Indictment. (No. 3:05cr420, Doc. No. 1: Indictment). On April 28, 2006, the parties filed a plea agreement in which Petitioner agreed to plead guilty to Counts Two (18 U.S.C. § 1951), Five (21 U.S.C. § 841(c)), and Six (26 U.S.C. § 5861(d)). (No. 3:05cr420, Doc. No. 11: Plea Agreement). On May 4, 2006, Petitioner entered the plea at a Rule 11 hearing before a magistrate judge. (No. 3:05cr420, Doc. No. 12: Acceptance and Entry of Guilty Plea). On September 21, 2006, this Court sentenced Petitioner to 108 months' imprisonment on each count, concurrently, and entered judgment on October 12, 2006. (No. 3:05cr420, Doc. No. 20: Judgment).

On September 21, 2006, Petitioner filed a Notice of Appeal. (No. 3:05cr420, Doc. No. 16: Notice of Appeal). On March 27, 2007, the United States Court of Appeals for the Fourth

Circuit dismissed the appeal on the Government's motion. <u>United States v. Rhoden</u>, No. 06-4998 (4th Cir. Mar. 27, 2007). On November 5, 2007, Petitioner filed the instant timely Motion to Vacate alleging that he received ineffective assistance of counsel and that he was improperly denied a Rule 35 or §5K1.1 motion. (Doc. No. 1).

II.     DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to any relief on his claims, a court must dismiss the motion. Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence and finds that Petitioner is clearly not entitled to any relief on his claims. _____

A.     Challenge of Sentence

Petitioner asserts that an enhancement for human endangerment, USSG §2D1.1(b)(6)(B),[1] was improperly applied to him. (Doc. No. 1: Motion at 3). Petitioner waived his right to appeal or raise a post-conviction challenge to his sentence except "on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in . . . the plea agreement . . . , or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals."[2] (No. 3:05cr420, Doc. No. 11: Plea Agreement

_____

[1]  This provision is now found at USSG §2D1.1(b)(10)(C) (2008).

[2] Petitioner retained the right to assert ineffective assistance of counsel and prosecutorial misconduct claims.

2

at ¶ 20). The Fourth Circuit has upheld such waivers. United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). Petitioner has not shown that he was not aware of the waiver or that application of the human endangerment enhancement meets this exception. Accordingly, Petitioner's collateral attack on his sentence is barred by his plea agreement.

B.      Ineffective Assistance of Counsel Claim

In Strickland v. Washington, 466 U.S. 688 (1984), the Supreme Court established a two prong test to be used in an ineffective assistance of counsel claim. A petitioner must establish that: 1) counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness; and 2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992), cert. denied, 474 U.S. 865 (1995). If a petitioner fails to prove the second prong of Strickland, otherwise known as the prejudice prong, a "reviewing court need not consider the performance prong." Fields, 956 F2d at 1290. A petitioner bears the burden of proving Strickland prejudice. Id. at 1297.

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that the Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill, 474 U.S. at 58. The performance prong of the Strickland test remains unchanged. The prejudice prong, however, changes to require a petitioner to show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill, 474 U.S. at 59).

Here, Petitioner does not allege <u>Strickland</u> prejudice. Instead, Petitioner repeatedly asserts that he is not challenging his guilty plea, just the enhancement under §2D1.1(b)(6)(B). (Doc. No. 1: Brief at 4, 7). Thus, he does not claim that but for counsel's advice, he would have gone to trial; he admits his factual guilt for the underlying offense. Accordingly, he has failed to make the required prejudice showing, and it is clear that he is not entitled to relief on this claim.

Further, the Fourth Circuit has held that any mis-advice given to Petitioner by his counsel is cured by a properly conducted Rule 11 hearing. <u>United States v. Foster</u>, 68 F.3d 86, 88 (4th Cir. 1995). Petitioner alleges that his counsel assured him that he would not receive the human endangerment enhancement. (Doc. No. 1: Brief at 2). Yet, Petitioner signed a plea agreement acknowledging that he was aware that the Court had not yet determined the sentence and that "any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise . . . ." (No. 3:05cr420, Doc. No. 11: Plea Agreement at ¶ 6).

Petitioner testified at his plea hearing that he was aware of the maximum statutory penalties that he faced and that he was aware that the Court could not determine his sentence until after a presentence report had been prepared. (No. 3:05cr420, Doc. No. 28: Tr. at 5-7). Petitioner responded affirmatively when asked if he understood that if the sentence was more severe than he expected, he would still be bound by the terms of his plea agreement. <u>Id.</u> at 7. In addition, Petitioner swore that no one had made him any promises of leniency or a light sentence to induce his plea. (No. 3:05cr420, Doc. No. 28: Tr. at 14).

Based upon Petitioner's responses under oath at his plea hearing, the Court concludes that, even if his counsel indicated that he would not receive a human endangerment enhancement, any prejudice resulting from such assurances was cured by the properly conducted

Rule 11 colloquy.  Foster, 68 F.3d at 88; see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

      C.      Substantial Assistance

Petitioner also alleges that he should have received a reduction under §5K1.1 or Rule 35 based on his cooperation with law enforcement and his understanding that such a motion would be filed. (Doc. No. 1: Brief  at 7-9).  Petitioner's plea agreement sets forth that the Government had the sole discretion to determine whether any assistance warranted a downward departure motion. (No. 3:05cr420, Doc. No. 11: Plea Agreement at ¶ 24a).  At his plea hearing Petitioner acknowledged that he understood the terms of his plea agreement, including those relating to any cooperation provided to the government. (No. 3:05cr420, Doc. No. 28: Tr. at 11).

Generally, the Government has the power, but not the duty, to make a motion for a downward departure. Wade v. United States, 504 U.S. 181, 185 (1992).  However, a district court may inquire into the Government's refusal, or failure to move for a reduced sentence if it is shown that the refusal is "based on an unconstitutional motive." United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994) (quoting Wade, 112 S. Ct. at 1843-44).  In the instant case, Petitioner does not allege that the Government's decision not to file a §5K1.1 or Rule 35 motion was predicated upon an unconstitutional motive.  Thus, Petitioner's claim that he deserved a downward departure motion is not subject to review by the Court, and it is clear that he is not entitled to relief on this claim.

III.    CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is **DISMISSED**.


Signed: November 26, 2008


Robert J. Conrad, Jr.
Chief United States District Judge